JOHN J. STANELY, ESQ., #202723
js@wlslaw.net
A member of Wegman, Levin & Stanley
5200 Lankershim Blvd., Suite 850
North Hollywood, California 91601
(818) 980-4000   (818) 980-4080 - Fax

GREGORY M. AJALAT, ESQ., #150878
Greg@Ajalatlaw.com
A member of Ajalat & Ajalat, LLP
5200 Lankershim Blvd., Suite 850
North Hollywood, California 91601
(818) 506-1500   (818) 506-1016 - Fax

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRA GUERRERO, Individually; M.G., a minor, by and through Alejandra Guerrero, her mother and guardian ad litem; A.K.G., a minor, by and through Alejandra Guerrero, her mother and guardian ad litem; N.G., a minor, by and through Alejandra Guerrero, her mother and guardian ad litem,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SIMI VALLEY; TASER INTERNATIONAL, INC., an Arizona Corporation, HERMAN HALE, AKA BUTCH HALE,  BRIAN MURRAY, RICHARD LAMB, JAMES BUCKLEY, CHRISTOPHER JOHNSON, FRANK MIKA, MATTHEW BRILL, ROBERT BRILL, BRIAN YOUNG, CHRISTOPHER HAHESY, CARL LEBLANC, AKA CARL WHITE, Inclusive,<br><br>        Defendants.<br>_____ | CASE NO.   CV08-03648 MMM (CTx)<br><br>SECOND AMENDED COMPLAINT FOR PERSONAL INJURIES FOR WRONGFUL DEATH BASED UPON:<br><br>    1)    BATTERY<br>    2)    NEGLIGENCE<br>    3)    VIOLATION OF CIVIL RIGHTS (42 USC §1983)<br>    4)    NEGLIGENCE - PRODUCT LIABILITY<br>    5)    STRICT PRODUCTS LIABILITY<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, ALEJANDRA GUERRERO, Individually, M.G., a minor, A.K.G., a minor, and N.G., a minor (hereinafter collectively referred to as  "Plaintiffs"), and allege against Defendants, and each of them as follows:

JURISDICTION AND VENUE

1.     The action arises under the 4th Amendment to the Constitution of the United States, and 42 U.S.C. Section 1983, as hereinafter more fully appears.

2.     Venue is proper under 28 U.S.C. Section 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred within the Central District of California.

PARTIES AND COMMON ALLEGATIONS

3.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned Defendant CITY OF SIMI VALLEY (hereinafter Defendant "Simi Valley") was and is a municipal corporation organized and existing under the laws of the State of California, and situated in Ventura County, California.

4.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned Defendants HERMAN HALE, AKA BUTCH HALE, BRIAN MURRAY, RICHARD LAMB, JAMES BUCKLEY, CHRISTOPHER JOHNSON, FRANK MIKA, MATTTHEW BRILL, ROBERT BRILL, BRIAN YOUNG, CHRISTOPHER HAHESY, CARL LEBLANC, AKA CARL WHITE as individuals and as police officers of the City of Simi Valley, were employees of Defendant Simi Valley and, in committing the acts alleged in this complaint, were acting within the course and scope of their employment with Defendant Simi Valley.

5.     Since the date of the incident, through early January, 2009, the incident and the actions of police officers involved therein, had been under investigation by the Ventura County District Attorney's office.  As a result of the ongoing investigation, Plaintiffs did not have, and were unable to obtain, the necessary documentation or information to positively identify and name the police officers and their specific involvement in the incident.  On approximately January 5, 2009, the  documents necessary to identify the police officers and their involvement in the incident became available to Plaintiffs, who therefore are filing this Second Amended Complaint naming the specific officers as Defendants.

6.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned Defendant TASER INTERNATIONAL, INC. (hereinafter Defendant "TASER Intl")

2

was and is a duly organized and existing Arizona corporation, and that Defendant TASER Intl is and was at all times herein mentioned engaged in the business of designing, manufacturing, and assembling, as well as selling and distributing, electronically controlled weapons, including "taser devices", to law enforcement agencies for use by law enforcement personnel in subduing and incapacitating dangerous, combative, or otherwise high risk subjects.

7.   At all times herein mentioned Defendants, and each of them, were the agent and employee of each other and were at all times acting within the scope and purpose of such agency and employment and with the consent and permission of each other; that each act or omission of a Defendant as alleged herein was expressly and impliedly ratified by each of the other Defendants.

8.   Pursuant to California Code of Civil Procedure Section 377.60, Plaintiffs ALEJANDRA GUERRERO, the spouse of Reymundo Guerrero, deceased (hereinafter referred to as "Decedent"), and M.G., A.K.G., N.G., the natural children of Decedent, are the proper parties entitled to maintain a wrongful death action for the damages sustained as a result of the wrongful death of Decedent.

9.   Prior to the death of Decedent, Plaintiffs lived with Decedent and were totally dependent on him for their support and maintenance.  At all times prior to his death, Decedent was a faithful and dutiful husband and father to Plaintiffs.

10.   Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, inclusive, as public employees are liable for their acts and/or omissions alleged in this complaint pursuant to California Government Code §820, which provides that " . . . a public employee is liable for injury caused by an act or omission to the same extent as a private person".

11.   Defendant Simi Valley, as a public entity is also vicariously liable for the acts and/or omissions alleged in this complaint against Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika,

1  Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White,

2  inclusive, pursuant to California <u>Government Code</u> §815.2, which provides that "A public

3  entity is liable for injury proximately caused by an act or omission of an employee of the

4  public entity within the scope of his employment if the act or omission would, apart from this

5  section, have given rise to a cause of action against that employee . . .".

6        12.    On or about November 5, 2007, Plaintiffs mailed claims to Defendant Simi

7  Valley for the injuries, losses and damages suffered and incurred by them by reason of the

8  events and occurrences described herein, all in compliance with the requirements of the

9  California <u>Government Code</u>.  On or about December 27, 2007, Defendant Simi Valley

10  mailed notice of rejection of Plaintiffs' claims in their entirety.

11       13.    Plaintiffs are informed and believe, and based thereon allege, that prior to May

12  15, 2007, Defendant Simi Valley acquired "taser devices" from Defendant TASER Intl, for

13  use by Defendant Simi Valley's law enforcement personnel, including the "taser devices"

14  which were used on Decedent in the incident involved in this matter set forth below.

15       14.    On or about May 15, 2007, Decedent was the driver of a vehicle traveling in

16  the vicinity of the 800 block of Chelsea Court in the City of Simi Valley, County of Ventura,

17  State of California.

18       15.    At that time and place, Defendants Herman Hale, aka Butch Hale, Brian

19  Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill,

20  Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, inclusive,

21  while operating Simi Valley police vehicles, ordered Decedent to pull over, stop his vehicle

22  and get out of his car, and attempted to place Decedent under arrest.

23       16.    Despite Decedent's acquiescence and compliance with Defendants Herman

24  Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson,

25  Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka

26  Carl White's requests, directions, and orders, Defendants Herman Hale, aka Butch Hale,

27  Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew

28  Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, without

4

cause or justification, used unreasonable and excessive force on Decedent, including but not limited to, multiple and repeated use of "taser devices" and other weapons, and physically battered Decedent, through aggressive and unwarranted actions, including, but not limited to, violently attacking, beating, striking, punching, kicking, electronically shocking, restraining and choking Decedent, all of which caused personal injuries and ultimately resulted in the death of Decedent.

<u>FIRST CAUSE OF ACTION</u>

WRONGFUL DEATH - BATTERY

(Against Defendants Simi Valley, Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White)

17.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 3 through 16 of the common allegations as if fully set forth herein.

18.     In committing said acts, Defendants, and each of them, acted wrongfully and with the intent to contact, and did cause a harmful contact with, and the death of, Decedent.

19.     At no time did Decedent consent to any of the alleged wrongful acts or contacts of Defendants.

20.     As a substantial cause of the battery inflicted upon Decedent by Defendants, and each of them, which resulted in the wrongful death of Decedent, Plaintiffs, and each of them, have suffered general damages including, without limitation, pecuniary losses resulting from the loss of love, support, society, comfort, affection, attention, presence, companionship, protection, services and support of Decedent.

21.     As a further substantial cause of the battery inflicted upon Decedent by Defendants, and each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has suffered additional general damages including a loss of consortium with Decedent.

22.     As a further substantial cause of the battery inflicted on Decedent by Defendants, and each of them, Plaintiff Alejandra Guerrero has incurred medical and related

1   expenses in the care and treatment of Decedent prior to his death.

2        23.    As a further substantial cause of the battery inflicted on Decedent by

3   Defendants, and each of them, and the resultant wrongful death of Decedent, Plaintiff

4   Alejandra Guerrero has incurred funeral and burial expenses.

5                          SECOND CAUSE OF ACTION

6                        WRONGFUL DEATH - NEGLIGENCE

7      (Against Defendants Simi Valley, Herman Hale, aka Butch Hale, Brian Murray, Richard

8     Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian

9                   Young, Christopher Hahesy, Carl LeBlanc, aka Carl White )

10       24.    Plaintiffs reallege and incorporate by reference each and every allegation

11  contained in paragraphs 3 through 16 of the common allegations, and paragraphs 18

12  through 19 of the first cause of action, as if fully set forth herein.

13       25.    Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb,

14  James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young,

15  Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them have a duty imposed

16  on them by law to use reasonable care in the performance of their official duties, which

17  duties are designed for the protection of members of the public such as Decedent and

18  Plaintiffs herein.   Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb,

19  James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young,

20  Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, breached their duties

21  of reasonable care in engaging in the conduct described herein.

22       26.    Defendant Simi Valley, as the employer of Defendants Herman Hale, aka

23  Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika,

24  Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White,

25  is vicariously liable for the negligence of Defendants Herman Hale, aka Butch Hale, Brian

26  Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill,

27  Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, pursuant to

28  Government Code §815.2.

27.     As a substantial cause of the negligence of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, and the resultant wrongful death of Decedent, Plaintiffs, and each of them, have suffered general damages including, without limitation, pecuniary losses resulting from the loss of love, support, society, comfort, affection, attention, presence, companionship, protection, services and support of Decedent.

28.     As a further substantial cause of the negligence of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has suffered additional general damages including a loss of consortium with Decedent.

29.     As a further substantial cause of the negligence of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, Plaintiff Alejandra Guerrero has incurred medical and related expenses in the care and treatment of Decedent prior to his death.

30.     As a further substantial cause of the negligence of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has incurred funeral and burial expenses.

<u>THIRD CAUSE OF ACTION</u>

WRONGFUL DEATH - VIOLATION OF CIVIL RIGHTS (42 USC §1983)

(Against Defendants Simi Valley,  Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White)

7

31.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 3 through 16 of the common allegations, paragraphs 18 and 19 of the first cause of action, and paragraphs 25 and 26 of the second cause of action, as if fully set forth herein.

32.     Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, were acting under color of state law.

33.     The acts and conduct of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, were in violation of the  rights of Decedent under the 4th Amendment to the Constitution of the United States.

34.     The acts and conduct of Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, were each ratified by Defendant Simi Valley.

35.     Defendant Simi Valley, as the employer of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, is vicariously liable for the acts and conduct of Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, pursuant to Government Code §815.2.

36.     As a substantial cause of the acts and conduct of Defendants, and each of them, and the resultant wrongful death of Decedent, Plaintiffs, and each of them, have suffered general damages including, without limitation, pecuniary losses resulting from the loss of love, support, society, comfort, affection, attention, presence, companionship,

1    protection, services and support of Decedent.

2        37.    As a further substantial cause of the acts and conduct of Defendants, and

3    each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero

4    has suffered additional general damages including a loss of consortium with Decedent.

5        38.    As a further substantial cause of the acts and conduct of Defendants, and

6    each of them, Plaintiff Alejandra Guerrero has incurred medical and related expenses in the

7    care and treatment of Decedent prior to his death.

8        39.    As a further substantial cause of the acts and conduct of Defendants, and

9    each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero

10   has incurred funeral and burial expenses.

11       40.    The aforementioned acts of Defendants Herman Hale, aka Butch Hale, Brian

12   Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew Brill,

13   Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of

14   them, were intentional, wilful, outrageous, wanton, malicious and oppressive, by reason of

15   which Defendants Herman Hale, aka Butch Hale, Brian Murray, Richard Lamb, James

16   Buckley, Christopher Johnson, Frank Mika, Matthew Brill, Robert Brill, Brian Young,

17   Christopher Hahesy, Carl LeBlanc, aka Carl White, and each of them, ought to pay

18   exemplary damages.

19                          FOURTH CAUSE OF ACTION

20                      NEGLIGENCE - PRODUCT LIABILITY

21                       (Against Defendant TASER Intl)

22       41.    Plaintiffs reallege and incorporate by reference each and every allegation

23   contained in paragraphs 3 through 16 of the common allegations, paragraphs 18 and 19 of

24   the first cause of action, and paragraphs 25 and 26 of the second cause of action, as if fully

25   set forth herein.

26       42.    Defendant TASER Intl so negligently and carelessly designed, manufactured,

27   constructed, assembled, distributed, sold, provided warnings, or entirely failed to provide

28   warnings  for the "taser devices", and component parts thereof, which were used on

1   Decedent, that said "taser devices" were dangerous and unsafe for their intended uses.

2       43.     As a substantial cause of the negligence by Defendants, and each of them,

3   and the resultant wrongful death of Decedent, Plaintiffs, and each of them, have suffered

4   general damages including, without limitation, pecuniary losses resulting from the loss of

5   love, support, society, comfort, affection, attention, presence, companionship, protection,

6   services and support of Decedent.

7       44.     As a further substantial cause of the negligence by Defendants, and each of

8   them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has

9   suffered additional general damages including a loss of consortium with Decedent.

10      45.     As a further substantial cause of the negligence by Defendants, and each of

11  them, Plaintiff Alejandra Guerrero has incurred medical and related expenses in the care

12  and treatment of Decedent prior to his death.

13      46.     As a further substantial cause of the negligence by Defendants, and each of

14  them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has

15  incurred funeral and burial expenses.

16                              FIFTH CAUSE OF ACTION

17                            STRICT PRODUCT LIABILITY

18                           (Against Defendant TASER Intl)

19      47.     Plaintiffs reallege and incorporate by reference each and every allegation

20  contained in paragraphs 3 through 16 of the common allegations, paragraphs 18 and 19 of

21  the first cause of action, and paragraphs 25 and 26 of the second cause of action, and

22  paragraph 42 of the fourth cause of action as if fully set forth herein.

23      48.     At all times herein mentioned in this complaint, the "taser devices" which were

24  used on Decedent, and their component parts, were defective as to design, manufacture,

25  and warnings, rendering the "taser devices" and their component parts to be in a defective

26  and dangerous condition and as such the "taser devices" were unsafe for their intended

27  uses.

28      49.     The aforementioned Defendant TASER Intl placed said "taser devices" on the

                                        10

market in conscious disregard of the safety of those upon whom they would be used notwithstanding the probable dangerous consequences of their use, of which they were aware or should have been aware, and deliberately failed to avoid those consequences.

50.     As a substantial cause of the acts and conduct of Defendants, and each of them, and the resultant wrongful death of Decedent, Plaintiffs, and each of them, have suffered general damages including, without limitation, pecuniary losses resulting from the loss of love, support, society, comfort, affection, attention, presence, companionship, protection, services and support of Decedent.

51.     As a further substantial cause of the acts and conduct of Defendants, and each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has suffered additional general damages including a loss of consortium with Decedent.

52.     As a further substantial cause of the acts and conduct of Defendants, and each of them, Plaintiff Alejandra Guerrero has incurred medical and related expenses in the care and treatment of Decedent prior to his death.

53.     As a further substantial cause of the acts and conduct of  Defendants, and each of them, and the resultant wrongful death of Decedent, Plaintiff Alejandra Guerrero has incurred funeral and burial expenses.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

ON THE FIRST, SECOND, FOURTH AND  FIFTH CAUSES OF ACTION:

1.     For general damages according to proof;

2.     For medical and related expenses for Plaintiff Alejandra Guerrero, according to proof;

3.     For funeral and burial expenses for Plaintiff Alejandra Guerrero, according to proof;

4.     For interest on all economic damages in the legal amount from May 15, 2007 to the date of judgment;

5.     For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems just and proper.

ON THE THIRD CAUSE OF ACTION:

1.    For general damages according to proof;

2.    For medical and related expenses for Plaintiff Alejandra Guerrero, according to proof;

3.    For funeral and burial expenses for Plaintiff Alejandra Guerrero, according to proof;

4.    For interest on all economic damages in the legal amount from May 15, 2007 to the date of judgment;

5.    For exemplary damages against Defendants Herman Hale, aka Butch Hale, Brian

Murray, Richard Lamb, James Buckley, Christopher Johnson, Frank Mika, Matthew

Brill, Robert Brill, Brian Young, Christopher Hahesy, Carl LeBlanc, aka Carl White,

inclusive;

6.    For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

7.    For costs of suit incurred herein; and

8.    For such other and further relief as the Court deems just and proper.

Dated: January 30, 2009

Wegman, Levin & Stanley

By_____
        John J. Stanley, Esq.
        Js@wlslaw.com
        Attorneys for Plaintiffs

12

1

DEMAND FOR JURY TRIAL

2

      Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3

Procedure.

4

Wegman, Levin & Stanley

5

6

7

By_____
     John J. Stanley, Esq.
     Attorneys for Plaintiffs

8

c:\guerrero\complaint federal 2d amended.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28